FILED
2009 Aug-28 PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **CONNIE CORNELIUS, As Administrator of and on Behalf of the Estate of Richard Dwight Boren,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **Case No.: 6:06-CV-2271-VEH** |
| **WES BROWN AND STEVE SMITH,** ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

**I.      Introduction**

Pending before the court is Plaintiff's Motion for Judgment As a Matter of Law Or in the Alternative for New Trial (the "Motion") (Doc. 116) filed on August 21, 2009. For the reasons explained below the Motion is **DENIED**.

**II.     Background**

The facts leading up to trial are set forth in detail in the court's summary judgment ruling, which adopted the magistrate judge's report and recommendation. (Docs. 37, 38). Beginning on August 3, 2009, the court held a seven day jury trial. On August 11, 2009, the jury rendered its verdict in favor of Defendants. (Doc. 113).

Following the entry of judgment (Doc. 115), Plaintiff filed this Motion.

### III.  Motion for Judgment as a Matter of Law

#### A.  Standard of Review

Under Rule 50 of the Federal Rules of Civil Procedure, judgment as a matter of law is appropriate only where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In addressing a motion for judgment as a matter of law, the court reviews all the evidence in the record, drawing all factual inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing, Prods., Inc.*, 530 U.S. 133, 150 (2000). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts [however] are jury functions, not those of a judge." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (2004) (citing *Reeves*, 530 U.S. at 150). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Cleveland*, 369 F.3d at 1192 (citing *Reeves*, 530 U.S. at 151) (emphasis added).

#### B.  Discussion

Plaintiff maintains in her Motion that **"[t]he verdict was against the great weight and preponderance of the evidence."** (Doc. 116 at 1). The court disagrees.

In particular, the same reasoning for denying qualified immunity to Defendants

on Plaintiff's deadly force claim supports denying Plaintiff's Motion: the jury assessed the credibility of the witnesses and decided whose version of the facts - Plaintiff's or Defendants' - they believed.  There was more than sufficient evidence presented at trial to support the jury's conclusion that Defendants' use of deadly force against the decedent was not excessive or unreasonable under the circumstances.

## IV.   Motion for New Trial

Plaintiff's Motion also seeks a new trial "on the ground that the verdict is against the weight of the evidence[.]" (Doc. 116 at 5).  Rule 59 of the Federal Rules of Civil Procedure allows a court "on motion" to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"  Fed. R. Civ. P. 59(a)(1)(A). "It has been uniformly held that according to Rule 59 of Civil Procedure, 28 U.S.C.A., a motion for new trial is addressed to the sound discretion of the trial judge, and will not be disturbed except for a clear abuse of that discretion." *Union Mechling Corp. v. Carmadelle*, 624 F.2d 677, 679 (5th Cir. 1980) (citations omitted).[1]

Because the court is of the opinion that Plaintiff's Motion pertaining to judgment as a matter of law is due to be denied in its entirety as to the sufficiency of

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the evidence, the court finds that the portion of the Motion relating to a new trial on the basis of these same arguments should similarly be denied. *See, e.g., Cleveland*, 369 F.3d at 1196 ("Concerning the clear weight of the evidence, HSN essentially rehashes its arguments to uphold the judgment as a matter of law. These arguments are equally unpersuasive under the new trial motion.") (citing *Walls v. Button Gwinnett Bancorp, Inc.*, 1 F.3d 1198, 1201 (11th Cir. 1993)).

## V.    Conclusion

For the reasons set forth above, Plaintiff's Motion is **DENIED**.

**DONE** and **ORDERED** this the 28th day of August, 2009.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge